United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES WILLIAM HARTMAN, and others,

Plaintiffs,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 26-cv-01549-NC

**ORDER TO SHOW CAUSE**

Re: ECF 1

Defendant Ford Motor Company removed this case from Santa Clara County Superior Court on February 23, 2026.  ECF 1.  This Order requires Defendant to "show cause" by filing a written response by March 27, 2026, explaining why this case should not be remanded back to state court because removal was untimely.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  District courts have subject matter jurisdiction through federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  A notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a notice of removal

may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  *Id.* § 1446(b)(3).

Defendant claims it only determined diversity of citizenship and the amount of controversy were met upon completing a "preliminary investigation into Plaintiffs' allegations."  ECF 1 at 3.  Yet, Plaintiffs complaint clearly states they are "residents of California."  ECF 1-1 at 8; *see Carbone v. Gen. Motors LLC*, No. 2:25-cv-11067-FLA (PDX), 2026 WL 413747, at *3 (C.D. Cal. Feb. 13, 2026) ("Defendant's reliance on Plaintiff's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing.")  The Complaint also states the vehicle identification number and that damages are at least $35,001.  *Id.* at 8, 10.  Defendant has failed to explain why this information, which was available to it upon the filing of the complaint nearly twelve months before removal, was insufficient to determine Plaintiffs' citizenship and the amount in controversy.

In conclusion, Defendant has not established that removal is timely.  Accordingly, Defendant must show cause in writing by March 27, 2026, why this case should not be remanded back to state court.  Plaintiffs may respond by April 3, 2026.  The parties should also address whether Defendant's defect is statutory or jurisdictional and, if statutory, whether Plaintiffs waive their objection.

**IT IS SO ORDERED.**

Dated:  February 27, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

2